JONATHAN B. SIMONDS vs. LOUISA C. TOWNE & others.

On a bill in equity brought by one entitled to redeem real estate sold for nonpayment of taxes, the court will order the purchaser, or, in case of his decease, his widow and heirs, on payment of the amount due, to make a deed of quitclaim to the plaintiff.

BILL IN EQUITY to redeem real estate in Somerville, sold for nonpayment of taxes. It was alleged in the bill, and admitted by the answer, that the plaintiff, holding a mortgage of the estate, on the 1st of April 1851 entered for breach of condition, and a certificate of the entry was duly recorded; that the taxes for 1850 and 1851 were assessed to Lane, the mortgagor, and for nonpayment thereof the land was sold on the 24th of February 1852 to Orr N. Towne, who had since deceased, leaving a widow and three minor heirs, the defendants in this suit. Pending the suit, one of the heirs came of age, and a guardian was appointed for the others.

*L. Marrett*, for the plaintiff.

*G. Bancroft*, for the defendants, suggested that payment or tender of the taxes would of itself be a redemption of the estate, and that the purchaser or his representatives could not be compelled to execute a deed.

BY THE COURT. It appears that the plaintiff entered for condition broken on the 1st of April 1851, notwithstanding which the tax for 1851, levied as of the 1st of May of that year, was assessed to Lane, instead of being assessed, as it ought to be, to Simonds himself, as mortgagee in possession. At the time of such assessment, Lane, if in possession at all, was " merely the tenant or occupant of the premises, and not the rightful owner thereof." It is a case, therefore, within *St.* 1850, c. 98, § 1, cl. 2, in which, by force of that act, the estate sold by the collector at auction, for the nonpayment of taxes, may be redeemed, notwithstanding the expiration of two years from the sale. By *St.* 1849, c. 213, § 2, in all cases of sales of real estate for the payment of taxes, this court have full equity powers. The court are therefore of opinion that the plaintiff is entitled to redeem, and that, upon ascertaining the amount to be paid, by

agreement of parties, or by reference to a master, and payment thereof, a deed of quitclaim and release be executed by the widow, by the heir who is of age, and by the guardian of the other heirs. *Decree accordingly.*